FILED

2015 APR 22 PM 12:07

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

-------------------------------------------------/
SPIRAL DIRECT, INC. and
SPIRAL DIRECT, LTD.

Plaintiffs,

v.  Civil Action No.: 6:15-cv-641-Orl-28-TBS

BASIC SPORTS APPAREL, INC.

Defendant.
-------------------------------------------------/

## COMPLAINT

Plaintiffs, Spiral Direct, Inc. and Spiral Direct, LTD., by their undersigned counsel, seek judgment against Defendant, Basic Sports Apparel, Inc., declaring that Plaintiffs, and each of them, do not infringe any trademark right of Defendant, that Defendant's claims are barred by the doctrine of laches, that Defendant's federal trademark registration is invalid and abandoned, and that Defendant has, in fact, unfairly competed with Plaintiff under 15 U.S.C. §1125(a) of the Lanham Act, the Florida Deceptive and Unfair Trade Practices Act, and the Florida common law of trademark infringement and unfair competition. Additionally, Plaintiffs seek cancellation of Defendant's federal trademark registration, a permanent injunction, damages, their attorneys' fees and costs, and such other and further relief as this Court may feel just and proper.

### I. THE PARTIES

1. Plaintiff Spiral Direct, Inc. is a Florida corporation, having its principal place of business at 1440 Gemini Blvd., Suite 7, Orlando, FL 32837-9279 ("Spiral US").

2. Plaintiff Spiral Direct LTD. is a United Kingdom limited liability company with its principal place of business at Spiral House, Gladstone Road, Croyden CR0 2BQ, United Kingdom ("Spiral UK"; together with Spiral US, the "Spiral Parties").

3. Defendant Basic Sports Apparel, Inc., on information and belief, is a Texas corporation having its principal place of business at 301 Williams St., El Paso, TX, 79901 ("BSA").

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1338(a) and (b), 15 U.S.C. §1121, and pendent jurisdiction over all state claims derived from a common nucleus of operative fact.

5. This Court has jurisdiction over the Declaratory Judgment demand, and to grant further relief, pursuant to 28 U.S.C. §2201, there being an actual case and controversy between the Parties.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2), because BSA purportedly does business in this jurisdiction, the damages arise in this jurisdiction, and BSA intentionally asserts legal rights in Florida against the Spiral Parties thus creating an actual case and controversy which arises in this judicial district.

## III. BACKGROUND

7. Spiral UK is the parent company of Spiral US.

8. Both of the Spiral Parties are in the business of manufacturing, distributing, and selling "Goth" and/or "Gothic" style clothing, such as corsets, dresses, hoodies, onesies, jackets, leggings, ponchos, pajama sets, skirts, tops, workshirts, t-shirts, pants, swim shorts, as well as accessories and related goods, under the word mark SPIRAL and either or both of two design marks incorporating the word SPIRAL in a distinctive script (respectively the

"Spiral Goods" and the "Spiral Marks"). A true and correct copy of each of the Spiral Marks is attached as Exhibit A.

9. The Spiral Parties, through Spiral UK's predecessor in interest[1], have been selling and offering for sale the Spiral Goods in the US under one or more of the Spiral Marks since at least as early as March, 1997. A true and correct copy of several "Wayback Machine" archived webpages from the Spiral Designs website, dated March 28, 1997, is attached as Exhibit B. The Spiral Designs website was directed and available to consumers in the US as well as the UK and elsewhere. True and correct copies of invoices dated November 1998 from Spiral Designs to customers in the US are attached as Exhibit C.

10. On or about January 22, 2015, Spiral US received a letter from Corey W. Haugland, identifying himself as an attorney for BSA (the "Haugland Letter"). Haugland informed Spiral US that BSA owned U.S. Registration No. 2,218,515 for the mark SPIRAL (the "BSA Mark") for "jackets, pullovers, hats, jeans, T-shirts, vests, shorts, underwear, shoes, socks, gloves, headbands and scarves" (the "BSA Goods"), which was issued on January 19, 1999, alleging a first use date of June 15, 1997 (the "BSA Registration"). The Haugland Letter further stated:

> "[Y]ou are trading on the name, goodwill and reputation earned by the Company . . ."

> "[Y]our continued use of the name Spiral ... appears to have been utilized with the intent to cause confusion, mistake, and deception . . ."

> "This confusion has caused material and irreparable harm to BSA's trademark. . ."

> "Your actions constitute trademark infringement and unfair competition under both state and federal law . . ."

---

[1] Spiral Designs Partnership ("Spiral Designs").

> ". . . be advised that my client has instructed me to file suit unless you respond promptly and appropriately to this demand."

A true and correct copy of the Haugland Letter is attached hereto as Exhibit D.

11. On information and belief, BSA owns and operates a clothing business in El Paso, TX manufacturing private-label, cold-weather clothing for sporting goods retailers, to be sold under the trademarks of the various retailers.

12. On information and belief, BSA manufactures a few of the BSA Goods, and then only sporadically, if at all, by using the remaining fabric from a particular job order to produce a small number of the same or substantially similar items as in the job order, only under the BSA Mark instead of the retailer's trademark.

13. On information and belief, BSA does no publicity, marketing, or advertising for the BSA Goods bearing the BSA Mark.

14. On information and belief, BSA does not use, and has not used, the BSA Mark on *all* of the BSA Goods listed in the BSA Registration.

15. On information and belief, if and to the extent that it sells any BSA Goods, BSA only sells a very limited quantity of a very limited number of items listed in the BSA Goods under the BSA Mark.

16. On or about September 17, 1997, BSA filed US Trademark Application Ser. No. 75358336 (the "BSA Application")[2] for the BSA Mark for the BSA Goods in the United States Patent and Trademark Office ("USPTO"). The BSA Application contained a Declaration signed by David Chowaiki, Vice President of BSA, averring that all statements contained therein were true. A true and correct copy of the BSA Application is attached hereto as Exhibit E.

---

[2] which ultimately issued as the BSA Registration.

17. On information and belief, BSA was not using the BSA Mark in commerce on all of the BSA Goods as of the filing date of the BSA Application, and thus BSA misrepresented the nature of the use in commerce of the BSA Mark as set forth in the Application.

18. On information and belief, BSA knew or should have known at the time it filed the BSA Application that it was not using the BSA Mark in commerce on all of the BSA Goods, notwithstanding the Declaration of Chowaiki in the BSA Application to the contrary.

19. On information and belief, BSA procured the BSA Registration by false means and/or by knowingly and willfully making false and/or fraudulent declarations or representations to the USPTO, which issued the BSA Registration in reliance on such false and/or fraudulent declarations or representations. A true and correct copy of the BSA Registration is attached hereto as Exhibit E1.

20. On or about January 19, 2005, BSA filed a Section 8 Declaration, alleging use in commerce of the BSA Mark on all of the BSA Goods set forth in the BSA Registration ("BSA Section 8 Declaration"). The BSA Section 8 Declaration contained a Declaration averring that all statements contained therein were true. A true and correct copy of the BSA Section 8 Declaration is attached hereto as Exhibit F.

21. On information and belief, the BSA Mark was not in use in commerce on all of the BSA Goods itemized in the BSA Section 8 Declaration, and thus BSA misrepresented the nature of its use of the BSA Mark in commerce at the time the BSA Section 8 Declaration was filed.

22. On information and belief, BSA knew or should have known at the time it submitted the BSA Section 8 Declaration that the BSA Mark was not in use in commerce on all of the BSA Goods set forth therein, notwithstanding the Declaration to the contrary.

23. On information and belief, BSA knew or should have known that the BSA Section 8 Declaration contained false and/or fraudulent declarations or representations, thereby procuring continuance of the Registration for the remainder of the initial registration period by false means and/or by knowingly and willfully making false and/or fraudulent declarations or representations to the USPTO, which accepted the Declaration in reliance on such false and/or fraudulent declarations or representations. A true and correct copy of the USPTO Notice of Acceptance of the BSA Section 8 Declaration is attached hereto as Exhibit F1.

24. On or about June 27, 2005, BSA filed a Section 15 Declaration alleging continuous use in commerce of the BSA Mark on all of the BSA Goods set forth in the Registration ("BSA Section 15 Declaration"). The BSA Section 15 Declaration contained a Declaration averring that all statements contained therein were true. A true and correct copy of the BSA Section 15 Declaration is attached hereto as Exhibit G.

25. On information and belief, the BSA mark was not in "continuous use" in commerce on all of the remaining BSA Goods itemized in the BSA Section 15 Declaration, and thus BSA misrepresented the nature of its use of the BSA Mark in commerce at the time the BSA Section 15 Declaration was filed.

26. On information and belief, BSA knew or should have known at the time it submitted the BSA Section 15 Declaration that the BSA Mark had not been in continuous use in commerce on all of the BSA Goods set forth therein, notwithstanding the Declaration to the contrary.

100850624.1

27. On information and belief, BSA knew or should have known that the BSA Section 15 Declaration contained false and/or fraudulent declarations or representations, thereby obtaining incontestability status for the BSA Registration for the remainder of the initial ten (10) year registration period by false means and/or by knowingly and willfully making false and/or fraudulent declarations or representations to the USPTO, which accepted the Declaration in reliance on such false and/or fraudulent declarations or representations. A true and correct copy of the USPTO Notice of Acknowledgement of the BSA Section 15 Declaration is attached hereto as Exhibit G1.

28. On or about December 18, 2008, BSA submitted a Combined Declaration of Use and Application for Renewal Under Sections 8 and 9, alleging use in commerce of the BSA Mark on all of the BSA Goods set forth in the BSA Registration ("BSA Combined Declaration of Use and Application for Renewal"). The BSA Combined Declaration of Use and Application for Renewal contained a Declaration averring that all statements contained therein were true. A true and correct copy of the BSA Combined Declaration of Use and Application for Renewal is attached hereto as Exhibit H.

29. On information and belief, the BSA Mark was not in "continuous use" in commerce on all of the BSA Goods set forth in the BSA Combined Declaration of Use and Application for Renewal, and thus BSA misrepresented the nature of its use of the BSA Mark in commerce at the time the BSA Combined Declaration of Use and Application for Renewal was filed.

30. On information and belief, BSA knew or should have known at the time it submitted the BSA Combined Declaration of Use and Application for Renewal that the BSA Mark had not been in continuous use in commerce on all of the BSA Goods set forth therein, notwithstanding the Declaration to the contrary.

31. On information and belief, BSA knew or should have known that the BSA Combined Declaration of Use and Application for Renewal contained false and/or fraudulent declarations or representations, thereby procuring continuance of the Registration for a second period of ten (10) years, by false means and/or by knowingly and willfully making false and/or fraudulent declarations or representations to the USPTO, which accepted the BSA Combined Declaration of Use and Application for Renewal in reliance on such false and/or fraudulent declarations or representations. A true and correct copy of the USPTO Notice of Acceptance of the BSA Combined Declaration of Use and Application for Renewal is attached hereto as Exhibit H1.

## FIRST CLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

32. Paragraphs 1 through 31 are hereby incorporated by reference as if fully set forth herein.

33. This is an action for Declaratory Judgment of Non-Infringement based upon claims of infringement and unfair competition asserted by BSA against the Spiral Parties.

34. By asserting claims of trademark infringement and unfair competition against the Spiral Parties, BSA has placed them in the position of having to choose between abandoning their rights in the Spiral Marks or risking potential litigation, thus creating an actual, present and justiciable controversy between the parties.

35. The Spiral Parties have been using one or more of their Spiral Marks in the US since prior to the first use of the BSA Mark by BSA.

100850624.1

36. That BSA, as the junior user, obtained a federal trademark registration does not give it prior or superseding trademark rights in the BSA Mark over the Spiral Parties rights in the Spiral Marks. To the contrary, the Spiral Parties have prior rights over BSA.

37. Therefore, to the extent, if any, that there is any trademark infringement and unfair competition arising from actual confusion or a likelihood of confusion between the use of their respective SPIRAL marks by the parties, the infringing and unfairly competing party is BSA, not the Spiral Parties.

### SECOND CLAIM
### DECLARATORY JUDGMENT THAT BSA'S CLAIMS
### ARE BARRED BY THE DOCTRINE OF LACHES

38. Preceding Paragraphs 1-31 are hereby incorporated by reference as if fully set forth herein.

39. This is an action for Declaratory Judgment of Non-Infringement based upon claims of infringement and unfair competition asserted by BSA against the Spiral Parties.

40. Having waited over *eighteen (18) years* to assert its purported rights against the Spiral Parties, BSA's alleged claims are barred by the doctrine of laches.

### THIRD CLAIM
### DECLARATORY JUDGMENT OF
### INVALIDITY OF THE BSA REGISTRATION AND BSA SPIRAL MARK
### FOR ABANDONMENT PURSUANT TO 15 U.S.C. §§1062 and 1127

41. Preceding Paragraphs 1-31 are hereby incorporated by reference as if fully set forth herein.

42. This is an action for Declaratory Judgment of Invalidity of the BSA Registration for abandonment pursuant to 15 U.S.C. §§1062 and 1127.

43. On information and belief, BSA has abandoned its rights to the BSA Mark for failure to use the mark on some or all of the BSA Goods without the intention to resume use, pursuant to 15 U.S.C. §1127.

44. On information and belief, to the extent BSA is using the BSA Mark on a limited number of items in a very limited quantity for a very limited time, such "use" constitutes a "token use" pursuant to 15 USC §1127, and is therefore insufficient to qualify as a trademark use.

45. On information and belief, the Spiral Parties submit that BSA Registration and the BSA Mark registered thereunder have been abandoned on the grounds of non-use.

46. On information and belief, the Spiral Parties submit that the BSA Registration and the BSA Mark registered thereunder have been abandoned on the grounds of loss of significance thereof as a trademark, pursuant to 15 USC §1127.

## FOURTH CLAIM
## DECLARATORY JUDGMENT OF
## INVALIDITY OF THE BSA REGISTRATION FOR FRAUD ON THE USPTO

47. Preceding Paragraphs 1-31 are hereby incorporated by reference as if fully set forth herein.

48. This is an action for Declaratory Judgment of Invalidity of the BSA Registration for fraud on the USPTO.

49. On information and belief, BSA has committed, and continues to commit, fraud on the USPTO by knowingly and/or willfully making, and/or knowingly and/or willfully failing to correct, false statements and representations in each of the BSA Application, BSA Registration, BSA Section 8 Declaration, BSA Section 15 Declaration, and the BSA Combined Declaration of Use and Application for Renewal.

## FIFTH CLAIM
## FEDERAL UNFAIR COMPETITION
## PURSUANT TO 15 U.S.C. §1125(a)

50. Preceding paragraphs 1-31 are incorporated by reference as if fully set forth herein.

51. The Spiral Parties, through their predecessor in interest and themselves, have been using some or all of the Spiral Marks on the Spiral Goods since at least as early as March, 1997, prior to BSA's alleged first use date of the BSA Mark for the BSA Goods, and at least 2 years prior to the issuance of the BSA Registration.

52. As set forth in preceding paragraph 10, the Haugland letter, presumably based on the erroneous belief that BSA was the prior user, alleges that the Spiral Parties, as the purported junior users, were engaged in infringement and unfair competition, resulting in actual confusion, loss of good will, damage to reputation, and the like. *Ipso facto*, since the Spiral Parties are, in fact, the prior users and BSA the junior user, it is BSA who is engaging in infringement and unfair competition with the Spiral Parties. To paraphrase the Haugland Letter, *it is BSA* who is trading on the name, goodwill and reputation *earned by the Spiral Parties*. BSA's continued use of the BSA Mark appears to have been utilized with the intent to cause confusion, mistake and deception, which has caused and will continue to cause material and irreparable harm to the Spiral Marks.

53. BSA's actions constitute federal unfair competition pursuant to 15 U.S.C. §1125(a).

## SIXTH CLAIM
## FLORIDA STATE UNFAIR COMPETITION
## PURSUANT TO FL. STAT. §501.204
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

54. Preceding paragraphs 1-32, and 51-52 are incorporated by reference as if fully set forth herein.

55. This is an action for unfair competition brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fl. St., §501.201 et. Seq

56. BSA's actions constitute unfair competition in violation of the Florida Deceptive and Unfair Trade Practices Act, FL. Stat. §501.204 et. seq.

57. The Spiral Parties have retained the law firm of Carlton Fields Jorden Burt for the prosecution of this civil action. The Spiral Parties are entitled to recover their reasonable attorneys' fees and cost from BSA pursuant to Fla. Stat. §501.2105.

## SEVENTH CLAIM
## FLORIDA STATE COMMON LAW UNFAIR COMPETITION

58. Preceding paragraphs 1-31, and 51-52 are incorporated by reference as if fully set forth herein.

59. BSA's actions constitute unfair competition in violation of Florida common law unfair competition.

**WHEREFORE,** the Spiral Parties request judgment in their favor as follows:

(a) That, based on the foregoing, this Court Adjudge, Decree, and Declare that:

(i) as to BSA, the Spiral Parties are the prior users and owners of the SPIRAL trademark;

(ii) the Spiral Parties' use of any or all of the Spiral Marks on and in connection with the Spiral Goods does not infringe, or unfairly compete with, U.S. Reg. No. 2,218,515, the BSA Mark, or any other *valid* trademark of BSA;

(iii) BSA's claims for infringement and unfair competition are barred by the doctrine of laches;

(iv) The BSA Registration is invalid on the grounds of abandonment;

  (v) The BSA Registration is invalid on the grounds of fraud on the USPTO; and

  (vi) The USPTO be ordered to cancel the BSA Registration with prejudice;

(b) BSA, their officers, directors, employees, affiliates, subsidiaries, parents, agents, successors, assigns, and heirs, be permanently enjoined from any and all further use of the BSA Mark on or in connection with any and all goods the same as or similar to the BSA Goods and/or the Spiral Goods.

(c) The Spiral Parties be awarded their damages, BSA's profits, treble damages, their attorneys' fees and costs pursuant to 15 U.S.C. §1117(a) and Fla. Stat. §501.210; and

(d) Such other and further relief as to the Court may appear just and proper.

Respectfully submitted this 21st day of April, 2015

By: _____
Jill Sarnoff Riola
FL Bar No. 0432393
David Cannella
FL. Bar No. 0983837
CARLTON FIELDS JORDEN BURT
450 S. Orange Ave.
Orlando, FL 32801
407-849-0300
jriola@cfjblaw.com
dcannella@cfjblaw.com
Counsel for Plaintiffs

100850624.1