**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

-------------------------------------------------/
SPIRAL DIRECT, INC. and
SPIRAL DIRECT, LTD.

Plaintiffs,

v.                                                                          Civil Action No.: 6:15-cv-00641-JA-TBS

BASIC SPORTS APPAREL, INC.

Defendant.
-------------------------------------------------/

**FIRST AMENDED COMPLAINT**

Plaintiffs, Spiral Direct, Inc. and Spiral Direct, LTD., by their undersigned counsel, file suit against Defendant, Basic Sports Apparel, Inc..  Plaintiffs seek a judgment declaring that Plaintiffs do not infringe any trademark right of Defendant, that Defendant's claims are barred by the doctrine of laches, that Defendant's federal trademark registration is invalid and abandoned, and that Defendant has unfairly competed with Plaintiff under 15 U.S.C. §1125(a) of the Lanham Act, the Florida Deceptive and Unfair Trade Practices Act pursuant to FL. Stat. §501.204 et. seq., and the Florida common law of trademark infringement and unfair competition. Additionally, Plaintiffs seek cancellation of Defendant's federal trademark registration, a permanent injunction, damages, their attorneys' fees and costs, and such other and further relief as this Court may feel just and proper.

## I. JURISDICTION, PARTIES, AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1338(a) and (b), 15 U.S.C. §1121, and pendent jurisdiction over all state claims derived from a common nucleus of operative fact. This Court has jurisdiction over the Declaratory Judgment demand, and to grant further relief, pursuant to 28 U.S.C. §2201, there being an actual case and controversy between the Parties.

2. Plaintiff Spiral Direct, Inc. is a Florida corporation, having its principal place of business at 1440 Gemini Blvd., Suite 7, Orlando, FL 32837-9279 ("Spiral US").

3. Plaintiff Spiral Direct LTD. is a United Kingdom limited liability company with its principal place of business at Spiral House, Gladstone Road, Croyden CR0 2BQ, United Kingdom ("Spiral UK"). Spiral US and Spiral UK will be referred to together as the "Spiral Parties".

4. Defendant Basic Sports Apparel, Inc. is a Texas corporation having its principal place of business at 301 Williams St., El Paso, TX, 79901 ("BSA").

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2), because BSA purportedly does business in this jurisdiction, the damages arise in this jurisdiction, and BSA intentionally asserts legal rights in Florida against the Spiral Parties thus creating an actual case and controversy which arises in this judicial district.

## III. BACKGROUND

6. Spiral UK and Spiral US are related companies having overlapping management. (Decl. of Ghayur ¶¶2,3, and 4, Exhibit A hereto).

7. Spiral UK is the owner of the common law word mark SPIRAL and two common law design marks incorporating the word SPIRAL in a distinctive script (the "Spiral Marks",

    Exhibit B hereto), all for "Goth" and/or "Gothic" style clothing, such as corsets, dresses, hoodies, onesies, jackets, leggings, ponchos, pajama sets, skirts, tops, workshirts, t-shirts, pants, swim shorts, as well as accessories and related goods (the "Spiral Goods"). (Decl. of Ghayur, ¶5).

8. Spiral UK is in the business of manufacturing or having manufactured, distributing, offering for sale and selling the Spiral Goods under the Spiral Marks to purchasers in the UK and elsewhere, including the United States. (Decl. of Ghayur, ¶6).

9. Spiral UK sells the Spiral Goods to Spiral US, which then sells the Spiral Goods to purchasers in the US. The Spiral Parties also sell third party goods similar to the Spiral Goods under the marks of such third parties. (Decl. of Ghayur, ¶7).

10. Through Spiral UK's immediate predecessor in interest, Spiral Designs Partnership ("Spiral Designs")[1], the Spiral Parties have been selling and offering for some or all of the Spiral Goods in the US under one or more of the Spiral Marks since at least as early as 1993 (Decl. of Ghayur, ¶9).

11. Spiral Designs began selling t-shirts, long-sleeved t-shirts, and hooded sweatshirts bearing one or more of the Spiral Marks in the United States in 1993. (Decl. of Ghayur, ¶9)

12. In 1994, Spiral Designs started mailing catalogs to customers and potential customers in the US offering for sale some or all of the Spiral Goods bearing the Spiral Marks. (Decl. of Ghayur, ¶10)

---

[1] The three directors of Spiral UK were the three partners in Spiral Designs. (Decl. of Ghayur, ¶ ¶3, 8).

100850624.1

13. In 1997, Spiral Designs began selling and offering for sale the Spiral Goods over the internet on its website to customers and potential customers in the US (the "Spiral Website"). The Spiral Website specifically provided purchasing and shipping information for US customers to enable them to purchase Spiral Goods bearing Spiral Marks. (Decl. of Ghayur, ¶11)

14. In 1999, Spiral UK acquired the business assets of Spiral Designs, including the stock, the Spiral Marks, the goodwill of the business, and the customer base. (Decl. of Ghayur, ¶12).

15. On or about January 22, 2015, Spiral US received a letter from Corey W. Haugland, identifying himself as an attorney for BSA (the "Haugland Letter"). Haugland informed Spiral US that BSA owned U.S. Registration No. 2,218,515 for the mark SPIRAL (the "BSA Mark") for "jackets, pullovers, hats, jeans, T-shirts, vests, shorts, underwear, shoes, socks, gloves, headbands and scarves" (the "BSA Goods"), which was issued on January 19, 1999, alleging a first use date of June 15, 1997 (the "BSA Registration"). A true and correct copy of the Haugland Letter is attached hereto as Exhibit C.

16. The Haugland Letter further stated:

> "[Y]ou are trading on the name, goodwill and reputation earned by the Company . . ."
>
> "[Y]our continued use of the name Spiral … appears to have been utilized with the intent to cause confusion, mistake, and deception . . ."
>
> "This confusion has caused material and irreparable harm to BSA's trademark. . ."
>
> "Your actions constitute trademark infringement and unfair competition under both state and federal law . . ."
>
> ". . . be advised that my client has instructed me to file suit unless you respond promptly and appropriately to this demand."

4

100850624.1

17. BSA owns and operates a clothing business in El Paso, TX manufacturing private-label, clothing for sporting goods retailers, to be sold under the trademarks of the various retailers.

18. On information and belief, BSA may manufacture a few of the BSA Goods, and then only sporadically, if at all, by using the remaining fabric from a particular job order to produce such BSA Goods.

19. On information and belief, BSA does no publicity, marketing, or advertising for any BSA Goods bearing the BSA Mark.

20. On information and belief, if and to the extent that it sells any BSA Goods, BSA only sells a very limited quantity of a very limited number of items listed in the description of the BSA Goods set forth in the BSA Registration.

21. On information and belief, BSA does not use, and has not used, the BSA Mark on *all* of the BSA Goods listed in the BSA Registration.

22. On or about September 17, 1997, BSA filed US Trademark Application Ser. No. 75358336 (the "BSA Application") for the BSA Mark for the BSA Goods in the United States Patent and Trademark Office ("USPTO"). The BSA Application contained a Declaration signed by David Chowaiki, Vice President of BSA, averring that all statements contained therein were true. A true and correct copy of the BSA Application is attached hereto as Exhibit D.

23. BSA knew or should have known at the time it filed the BSA Application that it was not using the BSA Mark in commerce on all of the BSA Goods listed in the description of the goods in the BSA Application. Thus, BSA misrepresented the nature of the use in

commerce of the BSA Mark as set forth in the Application, notwithstanding the Declaration of Chowaiki in the BSA Application to the contrary.

24. BSA knew or should have known at the time it filed the BSA Application that the Spiral Parties, through their predecessor in interest, were already using the Spiral Marks in commerce in the United States. Thus, BSA misrepresented the nature of its ownership rights to the mark SPIRAL as set forth in the BSA Application, notwithstanding the Declaration of Chowaiki in the BSA Application to the contrary.

25. BSA knew or should have known that it procured the BSA Registration by false means and/or by knowingly and willfully making false and/or fraudulent declarations or representations to the USPTO, which issued the BSA Registration on January 19, 1999 in reliance on such false and/or fraudulent declarations or representations. A true and correct copy of the BSA Registration is attached hereto as Exhibit E.

26. On or about January 19, 2005, BSA filed a Section 8 Declaration, alleging use in commerce of the BSA Mark on all of the BSA Goods listed in the BSA Registration ("BSA Section 8 Declaration"). The BSA Section 8 Declaration contained a Declaration averring that all statements contained therein were true. A true and correct copy of the BSA Section 8 Declaration is attached hereto as Exhibit F.

27. On information and belief, the BSA Mark was not in use in commerce on all of the BSA Goods listed in the BSA Section 8 Declaration. Thus, BSA misrepresented the nature of its use of the BSA Mark in commerce at the time the BSA Section 8 Declaration was filed.

28. BSA knew or should have known at the time it submitted the BSA Section 8 Declaration that the BSA Mark was not in use in commerce on all of the BSA Goods listed therein, notwithstanding the Declaration to the contrary.

29. BSA knew or should have known that the BSA Section 8 Declaration contained false and/or fraudulent declarations or representations, thereby procuring continuance of the Registration for the remainder of the initial registration period by false means and/or by knowingly and willfully making false and/or fraudulent declarations or representations to the USPTO, which accepted the Declaration in reliance on such false and/or fraudulent declarations or representations. A true and correct copy of the USPTO Notice of Acceptance of the BSA Section 8 Declaration is attached hereto as Exhibit F1.

30. On or about June 27, 2005, BSA filed a Section 15 Declaration alleging continuous use in commerce of the BSA Mark on all of the BSA Goods listed in the Registration ("BSA Section 15 Declaration"). The BSA Section 15 Declaration contained a Declaration averring that all statements contained therein were true. A true and correct copy of the BSA Section 15 Declaration is attached hereto as Exhibit G.

31. On information and belief, the BSA Mark was not in continuous use in commerce on all of the BSA Goods listed in the BSA Section 15 Declaration. Thus, BSA misrepresented the nature of its use of the BSA Mark in commerce at the time the BSA Section 15 Declaration was filed.

32. BSA knew or should have known at the time it submitted the BSA Section 15 Declaration that the BSA Mark had not been in "continuous use in commerce" on all of the BSA Goods listed therein, notwithstanding the Declaration to the contrary.

33. BSA knew or should have known that the BSA Section 15 Declaration contained false and/or fraudulent declarations or representations, thereby obtaining incontestability status for the BSA Registration for the remainder of the initial ten (10) year registration period by false means and/or by knowingly and willfully making false and/or fraudulent declarations or representations to the USPTO, which accepted the Declaration in reliance on such false and/or fraudulent declarations or representations. A true and correct copy of the USPTO Notice of Acknowledgement of the BSA Section 15 Declaration is attached hereto as Exhibit G1.

34. On or about December 18, 2008, BSA submitted a Combined Declaration of Use and Application for Renewal Under Sections 8 and 9, alleging use in commerce of the BSA Mark on all of the BSA Goods listed in the BSA Registration ("BSA Combined Declaration of Use and Application for Renewal"). The BSA Combined Declaration of Use and Application for Renewal contained a Declaration averring that all statements contained therein were true. A true and correct copy of the BSA Combined Declaration of Use and Application for Renewal is attached hereto as Exhibit H.

35. On information and belief, the BSA Mark was not in continuous use in commerce on all of the BSA Goods set forth in the BSA Combined Declaration of Use and Application for Renewal. Thus, BSA misrepresented the nature of its use of the BSA Mark in commerce at the time the BSA Combined Declaration of Use and Application for Renewal was filed.

36. BSA knew or should have known at the time it submitted the BSA Combined Declaration of Use and Application for Renewal that the BSA Mark had not been in continuous use in commerce on all of the BSA Goods listed therein, notwithstanding the Declaration to the contrary.

37. BSA knew or should have known that the BSA Combined Declaration of Use and Application for Renewal contained false and/or fraudulent declarations or representations, thereby procuring continuance of the Registration for a second period of ten (10) years, by false means and/or by knowingly and willfully making false and/or fraudulent declarations or representations to the USPTO, which accepted the BSA Combined Declaration of Use and Application for Renewal in reliance on such false and/or fraudulent declarations or representations. A true and correct copy of the USPTO Notice of Acceptance of the BSA Combined Declaration of Use and Application for Renewal is attached hereto as Exhibit H1.

## FIRST CLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

38. Paragraphs 1-37 are hereby incorporated by reference as if fully set forth herein.

39. This is an action for Declaratory Judgment of Non-Infringement based upon claims of federal trademark infringement and unfair competition asserted by BSA against the Spiral Parties.

40. By asserting claims of federal trademark infringement and unfair competition against the Spiral Parties, BSA has placed them in the position of having to choose between abandoning their rights in the Spiral Marks or risking potential litigation, thus creating an actual, present and justiciable controversy between the parties.

41. The Spiral Parties have been using one or more of their Spiral Marks in the US since at least 1993, long prior to the first use of the BSA Mark by BSA.

42. BSA is the junior user of the BSA Mark, has abandoned its rights in the BSA Mark and BSA Registration, and/or obtained and maintains the BSA Registration under false pretenses.

43. To the extent, if any, that there is any trademark infringement and unfair competition arising from actual confusion or a likelihood of confusion between the use of their respective SPIRAL marks by the parties, the infringing and unfairly competing party is BSA, not the Spiral Parties.

44. Plaintiffs do not infringe Defendant's rights, if any, in BSA Mark for the BSA Goods.

## SECOND CLAIM
## DECLARATORY JUDGMENT THAT BSA'S CLAIMS
## ARE BARRED BY THE DOCTRINE OF LACHES

45. Preceding Paragraphs 1-37, 41-42 are hereby incorporated by reference as if fully set forth herein.

46. This is an action for Declaratory Judgment that BSA's claims are barred by the doctrine of laches, based upon claims of infringement and unfair competition asserted by BSA against the Spiral Parties twenty-two (22) years after the Spiral Parties first commenced use of the Spiral Marks in the US, and after eighteen (18) years after BSA allegedly began use of the BSA Mark.

47. Plaintiffs have been using the Spiral Marks in the United States since 1993, a period of twenty-two years. Plaintiffs have enjoyed uninterrupted use over that 22 year period and have come to rely on their ability to use the Spiral Marks on the Spiral Goods without interference from BSA.

48. Defendant knew, or should have known, that Plaintiffs were using their Spiral Marks in the US long before Defendant first started using its BSA Mark and long before Defendant sent the Hoagland Letter.

49. Defendant's inexcusable delay in failing to assert its purported rights in the BSA Mark against the Spiral Parties has caused, and continues to cause, prejudice and damage to the Spiral Parties.

50. BSA's alleged claims are barred by the doctrine of laches.

### THIRD CLAIM
### DECLARATORY JUDGMENT OF
### INVALIDITY OF THE BSA REGISTRATION AND BSA SPIRAL MARK FOR ABANDONMENT PURSUANT TO 15 U.S.C. §§1062 and 1127

51. Preceding Paragraphs 1-37, 41-42 are hereby incorporated by reference as if fully set forth herein.

52. This is an action for Declaratory Judgment of Invalidity of the BSA Registration and BSA Mark for Abandonment pursuant to 15 U.S.C. §§1062 and 1127.

53. On information and belief, BSA has abandoned its rights to the BSA Mark, and therefore to the BSA Registration, for failure to use the BSA Mark on some or all of the BSA Goods without the intention to resume use, pursuant to 15 U.S.C. §1127.

54. On information and belief, to the extent BSA is using the BSA Mark on a limited number of items in a very limited quantity for a very limited time, such "use" constitutes a "token use" pursuant to 15 USC §1127, and is therefore insufficient to qualify as a trademark use.

55. The Spiral Parties submit that the BSA Registration and the BSA Mark have been abandoned in whole or in part on the grounds of non-use and/or failure to function as a trademark.

56. The Spiral Parties submit that the BSA Registration and the BSA Mark have been abandoned in whole or in part on the grounds of loss of significance thereof as a trademark, pursuant to 15 USC §1127.

### FOURTH CLAIM
### DECLARATORY JUDGMENT OF
### INVALIDITY OF THE BSA REGISTRATION FOR FRAUD ON THE USPTO

57. Preceding Paragraphs 1-37 are hereby incorporated by reference as if fully set forth herein.

58. This is an action for Declaratory Judgment of Invalidity of the BSA Registration for Fraud on the USPTO.

59. The Spiral Parties submit that BSA has committed, and continues to commit, fraud on the USPTO by knowingly and/or willfully making, and/or knowingly and/or willfully failing to correct, false statements and representations in each of the BSA Application, BSA Registration, BSA Section 8 Declaration, BSA Section 15 Declaration, and the BSA Combined Declaration of Use and Application for Renewal.

### FIFTH CLAIM
### FEDERAL UNFAIR COMPETITION
### PURSUANT TO 15 U.S.C. §1125(a)

60. Preceding paragraphs 1-37 are incorporated by reference as if fully set forth herein.

61. The Spiral Parties, through Spiral Designs and themselves, have been using some or all of the Spiral Marks on the Spiral Goods since at least as early as 1993, long prior to BSA's alleged first use date of the BSA Mark for the BSA Goods.

62. As set forth in preceding paragraphs 15 and 16, the Haugland letter, presumably based on the erroneous belief that BSA was the prior user, alleges that the Spiral Parties, as the purported junior users, were engaged in federal trademark infringement and unfair

competition, resulting in actual confusion, loss of good will, damage to reputation, and the like. *Ipso facto,* since the Spiral Parties are, in fact, the prior users and BSA the junior user, it is BSA who is engaging in infringement and unfair competition with the Spiral Parties. To paraphrase the Haugland Letter, *it is BSA* who is trading on the name, goodwill and reputation *earned by the Spiral Parties*. BSA's continued use of the BSA Mark appears to have been utilized with the intent to cause confusion, mistake and deception, which has caused and will continue to cause material and irreparable harm to the Spiral Marks. BSA's above-referenced actions have been willful and intentional.

63. Additionally, the Hoagland Letter asserts infringement of the BSA Registration, which the Plaintiffs submit is invalid in whole or in part and therefore incapable of being infringed.

64. BSA's actions constitute willful and intentional federal unfair competition pursuant to 15 U.S.C. §1125(a).

## SIXTH CLAIM
## FLORIDA STATE UNFAIR COMPETITION
## PURSUANT TO FL. STAT. §501.204
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

65. Preceding paragraphs 1-37, 61-63 are incorporated by reference as if fully set forth herein.

66. This is an action for unfair competition brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fl. St., §501.201 et. seq.

67. BSA's actions constitute willful and intentional unfair competition in violation of the Florida Deceptive and Unfair Trade Practices Act, FL. Stat. §501.204 et. seq.

68. The Spiral Parties have retained the law firm of Carlton Fields Jorden Burt for the prosecution of this civil action. The Spiral Parties are entitled to recover their reasonable attorneys' fees and cost from BSA pursuant to Fla. Stat. §501.2105.

**SEVENTH CLAIM
FLORIDA STATE COMMON LAW
TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION**

69. Preceding paragraphs 1-37, 61-63 are incorporated by reference as if fully set forth herein.

70. BSA's actions constitute willful and intentional trademark infringement and unfair competition in violation of Florida common law unfair competition.

**WHEREFORE,** the Spiral Parties request judgment in their favor as follows:

    (a)    That, based on the foregoing, this Court Adjudge, Decree, and Declare that:

        (i)    as to BSA, the Spiral Parties are the prior users and owners of the SPIRAL trademark(s);

        (ii)    the Spiral Parties' use of any or all of the Spiral Marks on and in connection with the Spiral Goods does not infringe, or unfairly compete with, U.S. Reg. No. 2,218,515, the BSA Mark, or any other *valid* trademark of BSA;

        (iii)    BSA's claims for infringement and unfair competition are barred by the doctrine of laches;

        (iv)    The BSA Mark is invalid on the grounds of abandonment;

        (v)    The BSA Registration is invalid on the grounds of abandonment;

        (vi)    The BSA Registration is invalid on the grounds of fraud on the USPTO; and

   (vii) The USPTO be ordered to cancel the BSA Registration with prejudice;

 (b) BSA, its officers, directors, employees, affiliates, subsidiaries, parents, agents, successors, assigns, and heirs, and any and all others in concert with them, be permanently enjoined from any and all further use of the BSA Mark on or in connection with any and all goods or services the same as, similar to, or related to, the Spiral Goods.

 (c) The Spiral Parties be awarded their damages, BSA's profits, treble damages for willful and intentional infringement, their attorneys' fees and costs pursuant to 15 U.S.C. §1117(a) and Fla. Stat. §501.210; and

 (d) Such other and further relief as to the Court may appear just and proper.

Respectfully submitted this 8th day of July, 2015

By: /s/ *Jill Sarnoff Riola*
   Jill Sarnoff Riola
   FL Bar No. 0432393
   David Cannella
   FL. Bar No. 0983837
   CARLTON FIELDS JORDEN BURT
   450 S. Orange Ave.
   Orlando, FL 32801
   407-849-0300
   jriola@cfjblaw.com
   dcannella@cfjblaw.com
   Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 8th day of July, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: *Jill Sarnoff Riola*
Jill Sarnoff Riola

100850624.1